```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA
```

| | |
|---|---|
| SEAN J. OURSO AND MYRNA A. OURSO | CIVIL ACTION |
| VERSUS | NO. 06-4354 |
| UNITED SERVICES AUTOMOBILE ASSOCIATION | SECTION "R" (5) |

### ORDER AND REASONS

Before the Court is defendant United Services Automobile Association's motion to dismiss the complaint filed by plaintiffs Sean J. Ourso and Myrna A. Ourso pursuant to Federal Rule of Civil Procedure 12(b)(1).  For the following reasons, the Court GRANTS defendant's motion.

Rule 12(b)(1) governs challenges to a court's subject matter jurisdiction.  "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."  *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998)(quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)).  "Courts may dismiss for lack of

subject matter jurisdiction on any one of three bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986)(citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)). Furthermore, the plaintiff bears the burden of demonstrating that subject matter jurisdiction exists. *See Dow Agrosciences, LLC v. Bates*, 332 F.3d 323, 326 (5th Cir. 2003).

When examining a factual challenge to subject matter jurisdiction under Rule 12(b)(1) that does not implicate the merits of plaintiff's cause of action, the district court has substantial authority "to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997). *See also Clark*, 798 F.2d at 741. Accordingly, the court may consider matters outside the pleadings, such as testimony and affidavits. *See Garcia*, 104 F.3d at 1261. Moreover, a court's dismissal of a case for lack of subject matter jurisdiction is not a decision on the merits, and the dismissal does not prevent the plaintiff from pursuing the claim in another forum. *See Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).

Plaintiffs assert that this Court has subject matter

jurisdiction under 28 U.S.C. § 1332 as diversity of citizenship exists between plaintiffs, residents of Louisiana, and USAA, which plaintiffs contend is a Texas entity. However, the Court finds plaintiffs' assertion as to USAA's residency is without merit and therefore complete diversity does not exist. To determine the citizenship of an artificial entity, other than a corporation, a court must consider "each of the entity's constituent members." *Temple Drilling, Co. v. Louisiana Ins. Guar. Ass'n*, 946 F.2d 390, 393 (5th Cir. 1991)(citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195, 110 S. Ct. 1015, 1021 (1990)). *See also Aetna Cas. & Sur. Co. v. Hillman*, 796 F.2d 770, 775 (5th Cir. 1986)("If the group is an unincorporated association, then the citizenship of each member must be considered in determining diversity jurisdiction." (citing *Navarro Savings Ass'n v. Lee*, 446 U.S. 458, 461, 100 S. Ct. 1779, 1782 (1980))). Here, just as this Court found in *Bilger v. Pereira*, 2000 WL 1182526 (E.D. La. Aug. 21, 2000), as to Fireman's Insurance Exchange, USAA is a reciprocal interinsurance exchange, which is treated as an unincorporated association for the purposes of determining diversity jurisdiction. *See, e.g.*, *Tuck v. United States Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1989); *R.E. Arbuthnot v. State Auto. Insurance Ass'n*, 264 F.2d 260, 261 (10th Cir. 1959). In a reciprocal interinsurance exchange, members undertake to

3

insure each other by a mutual exchange of insurance contracts. "A short definition is that the members are both the insures and the insureds." *R.E. Arbuthnot*, 264 F.2d at 261 n.1.  As USAA explains in an affidavit attached to its motion, it is a reciprocal interinsurance exchange with members who reside in all 50 states, including Louisiana.  (*See* Broll Aff. at 1.).

Plaintiffs contend that the Fifth Circuit has already held that USAA is a Texas citizen for jurisdictional purposes.  *See Moore v. United Services Automobile Association*, 819 F.2d 101 (5th Cir. 1987); *Oss v. United Services Automobile Association*, 807 F.2d 457 (5th Cir. 1987); *Boardman v. United Services Automobile Association*, 768 F.2d 718 (5th Cir. 1985).  However, those cases did not specifically address USAA's status as an unincorporated association, and they were decided before the Tenth Circuit ruled in *Tuck*.  They are therefore not dispositive of the issue at hand.  Furthermore, USAA represents that it has made good faith efforts since *Tuck* to raise its status as an unincorporated association in cases in which jurisdiction is based on diversity.  (R. Doc. 27-1, at 7; Deposition Testimony of Michael J. Broll, at 51-59).  In addition, plaintiffs initially asserted that documents from the Texas Department of Insurance indicated that USAA has represented itself as a Texas corporation.  However, USAA has produced an affidavit from a

director at the Texas Department of Insurance stating that USAA is a reciprocal interinsurance exchange under the Texas Insurance Code and that USAA has not represented itself as a Texas corporation.  (*See* Ohaechesi Aff. at 1).  Plaintiffs also initially pointed to an SEC filing that listed USAA's "State of Incorporation" as "Texas."  (Pl.'s Ex. N).  In response, USAA has produced an affidavit from one of its officers stating that USAA was asked to list its "State of Incorporation/Organization," but that the word "Organization" was cut off by the SEC's electronic filing system.  (*See* Smiley Dep. at 1-2).  USAA thus represented itself as organized as a reciprocal interinsurance exchange in Texas, not *incorporated* there.  (*Id.*).

Thus, plaintiffs, whose burden it is to show that USAA is not a reciprocal interinsurance exchange, have not offered any evidence, even after the Court granted expedited discovery on the issue of the citizenship of USAA, that rebuts defendant's representation that it is a reciprocal interinsurance exchange. Furthermore, another section of this Court has held that USAA is a reciprocal interinsurance exchange organized under the laws of Texas and thus has members residing in all fifty states.  *See Norton v. Gurley*, 2000 WL 1408168 (E.D. La. Sept. 25, 2000) (dismissing an action against USAA based on lack of complete diversity).  Plaintiffs have not argued, and the Court does not

5

find, any compelling reason to hold otherwise.  Accordingly, the Court finds that USAA is a reciprocal interinsurance exchange with members in Louisiana.  As plaintiffs are also residents of Louisiana, complete diversity is lacking, and this Court therefore lacks subject matter jurisdiction.[1]  Thus, the Court GRANTS defendant USAA's motion to dismiss plaintiffs' suit without prejudice.

New Orleans, Louisiana, this 25th day of January, 2007.

*Sarah Vance*
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that, after completing expedited discovery, plaintiffs attempted to amend their complaint to include claims against Robert G. Davis, a USAA representative and resident of Texas.  (R. Doc. 43).  Plaintiffs asserted at that time that the Court would have jurisdiction over the amended complaint because of the presence of Davis as a defendant in this matter. (R. Doc. 44).  However, on January 17, 2007, Magistrate Judge Alma Chasez denied plaintiffs' motion to amend complaint. (R. Doc. 53).